cu

# THE ATTORNEY GENERAL
## OF TEXAS

March 25, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Mr. Kenneth H. Ashworth
Commissioner
Coordinating Board
Texas College and University
   System
P. O. Box 12788
Austin, Texas 78711

Opinion No. JM-655

Re: Whether a county that assesses
and collects taxes for a community
college district may add a 2% fee

Dear Mr. Ashworth:

You ask the following question:

> Under Texas law, may a county that assesses and
> collects taxes for a community college district
> charge no more than two percent of the ad valorem
> taxes assessed as a fee for tax assessment and
> collection?

You are concerned specifically about the Alamo Community College
District. See Educ. Code §130.005. You do not specify the type of
junior college district it is. We conclude that, pursuant to section
6.27 of the Tax Code, a county is entitled to a reasonable fee, not to
exceed the actual costs incurred, for those junior college districts,
other than joint county junior college districts, for which it
assesses and collects taxes. If a county assesses and collects taxes
for a joint county junior college district, it shall receive
compensation in an amount agreed upon between the parties, but not to
exceed two percent of the ad valorem taxes assessed, as provided in
section 130.121(c) of the Education Code.

Your question arises because of a perceived conflict between one
section of the Education Code, section 130.121, and several sections
of the Tax Code. Section 130.121 of the Education Code governs tax
assessment and collection for junior college districts, regional
college districts, and joint county junior collect districts and
provides the following:

> §130.121.  Tax Assessment and Collection
>
> > (a)  The governing board of each junior college
> > district, and each regional college district, for

and on behalf of its junior college division, annually shall cause the taxable property in its district to be assessed for ad valorem taxation and the ad valorem taxes in the district to be collected, in accordance with any one of the methods set forth in this section, and any method adopted shall remain in effect until changed by the board.

(b) Each governing board shall be authorized to have the taxable property in its district assessed and/or its taxes collected, in whole or in part, by the tax assessors and/or tax collectors, respectively, of any county, city, taxing district, or other governmental subdivision in which all or any part of the junior college district is located.

(c) The governing board of a joint county junior college district shall be authorized to have the taxable property in its district assessed or its taxes collected, in whole or in part, by the tax assessors or tax collectors, respectively, of any county, city, taxing district, or other governmental subdivision in which all or any part of the joint county junior college district is located. The tax assessors or tax collectors of a governmental subdivision, on the request of the governing board of a joint county junior college district, shall assess and collect the taxes of the joint county junior college district in the manner prescribed in the Property Tax Code. Tax assessors and tax collectors shall receive compensation in an amount agreed on between the appropriate parties, but not to exceed two percent of the ad valorem taxes assessed. (Emphasis added).

Section 6.27(b) of the Tax Code governs compensation for assessment and collection and provides the following:

(b) The county assessor-collector is entitled to a reasonable fee, which may not exceed the actual costs incurred, for assessing and collecting taxes for a taxing unit pursuant to Subdivisions (1) through (3) of Subsection (a) of Section 6.23 of this code. (Emphasis added).

Section 6.23(a)(3) of the Tax Code sets forth duties imposed upon assessors and collectors and provides in pertinent part:

> (a) The county assessor-collector shall assess and collect taxes on property in the county for the state and the county. He shall also assess and collect taxes on property for another taxing unit if:
>
> . . . .
>
> (3) the governing body of the unit requires the county to assess and collect its taxes as provided by Subsection (c) of Section 6.22 of this code. . . . (Emphasis added).

Junior college districts are governed by chapter 130 of the Education Code. Section 130.004 details the authorized types of public junior colleges and provides the following in pertinent part:

> (a) By complying with the provisions of the appropriate following sections of this chapter a public junior college and/or district of any one of the following classifications may be established:
>
> (1) an independent school district junior college;
>
> (2) a city junior college;
>
> (3) a union junior college;
>
> (4) a county junior college;
>
> (5) a joint-county junior college; and
>
> (6) a public junior college as a part or division of a regional college district. [Note: Sections 130.091 to 130.109 governing the creation of regional college districts were repealed by Acts 1985, 69th Leg., ch. 302, §3.] (Emphasis added).

Subchapter G of chapter 130 of the Education Code sets forth the fiscal provisions applicable to the various types of junior college districts and contains sections 130.121, the section with which you are concerned, to 130.124. Prior to its amendment in 1977, section 130.121 provided at subsection (d) that

> [e]ach governing board shall be authorized to have
> the taxable property in its district assessed, its
> values equalized, and/or its taxes collected, in
> whole or in part, by the tax assessors, board[s] of
> equalization, and/or tax collectors, respectively,
> of any county, city, taxing district, or other
> governmental subdivision in which all or any part
> of the junior college district is located. . . .
> Such property shall be assessed, the values thereof
> equalized, and such taxes collected, in the manner
> and for such compensation as shall be agreed upon
> between the appropriate parties. . . .   (Emphasis
> Added).

In 1977, subsection (d) was retained and subsection (g) was added. Subsection (g) provided in pertinent part that

> [t]he governing board of a joint county junior
> college district shall be authorized to have the
> taxable property in its district assessed, its
> values equalized, or its taxes collected, in whole
> or in part, by the tax assessors, boards of
> equalization, or tax collectors, respectively, of
> any county, city, taxing district, or other govern-
> mental subdivision in which all or any part of the
> joint county junior college district is
> located. . . .   Tax assessors and tax collectors
> shall receive compensation in an amount agreed upon
> between the appropriate parties, but not to exceed
> two percent of the ad valorem taxes assessed.
> (Emphasis added).

Acts 1977, 65th Leg., ch. 198, §1, at 563. Section 130.121 was amended to read in its present form, however, in the same bill that enacted the Property Tax Code, with subsection (g) becoming subsection (c). Acts 1979, 66th Leg., ch. 841, §4(k), at 2320.

A statute should be construed in such a way so that it will harmonize with other existing laws, unless its provisions clearly manifest a contrary intention. Freels v. Walker, 26 S.W.2d 627, opinion adopted (Tex. 1930); State v. Acel Delivery Service, Inc., 380 S.W.2d 825 (Tex. Civ. App. - Dallas 1964), rev'd on other grounds, 388 S.W.2d 930 (Tex. 1965). General and special statutes should be read together and harmonized, if it is possible. Halsell v. Texas Water Commission, 380 S.W.2d 1 (Tex. Civ. App. - Austin 1964, writ ref'd n.r.e.); Conley v. Daughter's of the Republic, 156 S.W. 197 (Tex. 1913). Because we are required to construe both provisions har-moniously if such a construction is possible, we construe subsection (c) of section 130.121 of the Education Code to create an exception to

the general provisions regarding compensation for assessment and collection for taxes set out in section 6.27 of the Tax Code.

Accordingly, we conclude that, pursuant to section 6.27 of the Tax Code, a county is entitled to a reasonable fee, not to exceed actual costs incurred, for those junior college districts, other than joint county junior college districts, for which it assesses and collects taxes. If a county assesses and collects taxes for a joint county junior college district, it shall receive compensation in an amount agreed upon between the parties, but not to exceed two percent of the ad valorem taxes assessed, as provided in section 130.121(c) of the Education Code.

                        S U M M A R Y

            Pursuant to section 6.27 of the Tax Code, a
       county is entitled to a reasonable fee, not to
       exceed actual costs incurred, for those junior
       college districts, other than joint county junior
       college districts, for which it assesses and
       collects taxes. If a county assesses and collects
       taxes for a joint county junior college district,
       it shall receive compensation in an amount agreed
       upon between the parties, but not to exceed two
       percent of the ad valorem taxes assessed, as
       provided in section 130.121(c) of the Education
       Code.

                                   Very truly yours,

                                   J I M   M A T T O X
                                   Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General